IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BALEIGH HUDMAN AND MATRACA POLONCHAK § § | |
| Plaintiffs, § | |
| v. § | |
| § | CASE NO. 4:18cv606 |
| STONE CREEK COUNTRY CLUB, § | |
| INC., d/b/a STONE CREEK GOLF § | |
| CLUB AND CENTURY GOLF § | |
| PARTNERS GP, LLC § | |
| Defendants. § | |

**DEFENDANT STONE CREEK COUNTRY CLUB, INC.'S, FIRST AMENDED ORIGINAL ANSWER, AFFIRMATIVE DEFENSES, AND JURY DEMAND**

Defendant Stone Creek Country Club, Inc. ("Stone Creek") files this First Amended Original Answer and Jury Demand, and in support thereof would respectfully show the Court as follows:

**I. PARTIES, JURISDICTION, AND VENUE**

1. Stone Creek has no knowledge of Plaintiff Hudman's ("Hudman") current residency and therefore denies the same and demands strict proof thereof.

2. Stone Creek has no knowledge of Plaintiff Polonchak's ("Polonchak") current residency and therefore denies the same and demands strict proof thereof.

3. Stone Creek admits that Stone Creek is a corporation registered in Texas and doing business in Sherman, Texas.

4. Stone Creek admits that Century Golf Partners GP, LLC ("Century") is a corporation registered in Texas and doing business in Dallas, Texas.

5. Stone Creek admits that this Court has jurisdiction over claims under 28 U.S.C. §1331 and §1343 and that this Court is the proper venue for this claim. However, Stone Creek denies that these Plaintiffs are entitled to any relief under these statutes.

6. Stone Creek admits that Hudman filed multiple charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 6, 2015 and April 11, 2016. Stone Creek denies the allegations in those complaints. Stone Creek has no knowledge of when Hudman received a Right to Sue letter and thus denies that allegation and demands strict proof thereof.

7. Stone Creek admits that Polonchak filed a charges of discrimination with the Equal Employment Opportunity Commission ("EEOC") on or about November 18, 2015. Stone Creek denies the allegations in that complaint. Stone Creek has no knowledge of when Polonchak received a Right to Sue letter and thus denies that allegation and demands strict proof thereof.

8. Stone Creek has no knowledge of when Hudman and Polonchak received their Right to Sue letters and thus denies their claims in this Court have been timely filed. Stone Creek demands strict proof that the claims are timely filed.

## II.  PLAINTIFFS' ALLEGATIONS OF FACT

9. Stone Creek admits that Hudman and Polonchak were employed by Stone Creek. Stone Creek denies that Hudman and Polonchak were ever employees of Century.

10. Stone Creek admits Stone Creek's golf course is open to the public and that, at the time of the acts alleged in Plaintiffs' Original Complaint, Stone Creek had a contract with Century for management services.

11. Stone Creek admits that Hudman and Polonchak reported inappropriate conduct by one of Stone Creek's employees. The employee in question was not a supervisor for either

Plaintiff. Stone Creek denies that those reports included much of the allegations in paragraph 11 of Plaintiffs' Original Complaint and demands strict proof thereof. Stone Creek denies that Hudman and Polonchak were employees of Century or that Hudman and Polonchak made any reports of inappropriate conduct by any Century employee.

12. Stone Creek has no knowledge that the employee complained of by Hudman and Polonchak harassed high school girls who came to play and practice at Stone Creek and thus denies the allegations in paragraph 12 of Plaintiffs' Original Complaint.

13. Stone Creek denies the allegations in paragraph 13 of Plaintiffs' Original Complaint.

14. Stone Creek admits that Hudman and Polonchak reported inappropriate conduct by another Stone Creek employee, but denies that nothing was done to rectify the problem.

15. Stone Creek denies that Plaintiffs were retaliated against in any manner. Accordingly, Stone Creek denies all allegations in paragraph 15 of Plaintiffs' Original Complaint.

### III. PLAINTIFFS' CAUSE OF ACTION UNDER TITLE VII

16. Stone Creek incorporates their answers contained in paragraphs 9-15 herein as if set out verbatim.

17. Stone Creek denies that Plaintiffs have satisfied all jurisdictional prerequisites in connection with their claims under Title VII. Plaintiffs have failed to show that Century was an employer for purposes of Title VII or that Plaintiffs were employees of Century.

18. Stone Creek admits it is considered an employer under Title VII. Stone Creek denies that Century is an employer under Title VII as it did not employ Plaintiffs or the person accused of inappropriate conduct.

19. Stone Creek admits that Plaintiffs were employees of Stone Creek as defined by Title VII. Stone Creek denies that Plaintiffs were employees of Century as defined by Title VII.

20. Stone Creek denies all allegations in paragraph 20 of Plaintiffs' Original Complaint.

21. Stone Creek denies all allegations in paragraph 21 of Plaintiffs' Original Complaint.

22. Stone Creek denies all allegations in paragraph 22 of Plaintiffs' Original Complaint.

23. Stone Creek denies all allegations in paragraph 23 of Plaintiffs' Original Complaint.

24. Stone Creek denies all allegations in paragraph 24 of Plaintiffs' Original Complaint.

## IV. AFFIRMATIVE DEFENSES

Defendant Stone Creek asserts the following affirmative defenses, pleading in the alternative and only if such defenses be necessary. Defendant Stone Creek denies liability for all causes of action in Plaintiffs' Complaint.

### A.

Plaintiffs' claim fails to state any actionable claim or cause of action against Stone Creek on which relief may be granted pursuant to Title VII, the United States Constitution, the Texas Constitution, or any other article of federal or state law.

### B.

Pleading further, and in the alternative, as all liability is denied, Plaintiffs' attorney fees were cause solely and proximately by the actions of Plaintiffs' and their counsel.

Pleading further, and in the alternative, as all liability is denied, Plaintiffs have failed to mitigate their damages, if any actual damages were incurred.

### C.

Pleading further, and in the alternative, as all liability is denied, Stone Creek asserts that some, if not all, of Plaintiffs' claimed damages are speculative, unsupportable, and/or insufficient as a matter of law.

### D.

Pleading further, and in the alternative, as all liability is denied, Stone Creek asserts that any claim for exemplary damages made by Plaintiffs herein are legally deficient, unsupported by factual allegations, and violate the Due Process Clause of the United States Constitution.

### E.

Pleading further, and in the alternative, as all liability is denied, Stone Creek would show that it took no tangible employment action against either Plaintiff. Stone Creek would show that it was not negligent in controlling working conditions and exercised reasonable care to prevent and correct promptly any sexually harassing behavior complained of by Plaintiffs.

## V. EXPRESS RESERVATIONS

Stone Creek expressly reserves the right to assert additional defenses as future case discovery or other developments in the case may warrant.

## VI. JURY DEMAND

Stone Creek denies that Plaintiffs can introduce sufficient evidence to reach trial by jury in this matter. However, should Plaintiffs produce sufficient evidence to create an issue of triable fact, Stone Creek demands a trial by jury on all claims by Plaintiffs.

WHEREFORE, PREMISES CONSIDERED, Stone Creek respectfully prays that Plaintiffs take nothing by reason of this action against Stone Creek; that Plaintiffs' claims be dismissed with prejudice to the refiling of same; that Stone Creek recover from Plaintiffs their costs of defense and attorney fees; and such other and further relief, both general and special, to which Stone Creek may be entitled as a matter of law.

Respectfully submitted,

Richardson Law Firm
118 S. Crockett
Sherman, Texas 75090
Tel: (903) 893-7541
Fax: (903) 893-9585

By:  /s/ Robert E. L. (Ed) Richardson
    Robert E. L. (Ed) Richardson
    SBN: 24007913
    ed@richardsonfirm.net

 /s/Robert E. Richardson, Jr.
    Robert E. Richardson Jr.
    SBN: 16873000
    robert@richardsonfirm.net

**ATTORNEYS FOR STONE CREEK**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on October 2, 2018, a true and correct copy of the foregoing was forwarded in accordance with the FEDERAL RULES OF CIVIL PROCEDURE to:

Robert (Bobby) Lee
LEE & BRAZIEL, LLP
1801 N. Lamar Street, Suite 325
Dallas, Texas 75202

Sherry L. Travers
Jamie Lauren Strickler
LITTLER MENDELSON
2001 Ross Ave., Suite 1500
Dallas, Texas 75201-2931

/s/ Robert E. L. (Ed) Richardson
Robert E. L. (Ed) Richardson