# United States District Court
### EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| BALEIGH HUDMAN and MATRACA POLONCHAK, | § § § § § § § § § § § § § § § | |
| *Plaintiffs*, | | Civil Action No. 4:18-cv-00606 |
| v. | | Judge Mazzant |
| STONE CREEK COUNTRY CLUB, INC. d/b/a STONE CREEK GOLF CLUB and CGPM MANAGERS II, LLC d/b/a CENTURY GOLF PARTNERS MANAGEMENT/ARNOLD PALMER GOLF MANAGEMENT, | | |
| *Defendants*. | | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court are Defendant CGPM Managers II, d/b/a Century Golf Partners Management/Arnold Palmer Golf Management's Motion for Summary Judgment and Brief in Support (Dkt. #36) and Defendant Stone Creek Country Club, Inc.'s Motion for Summary Judgment on All Claims by Plaintiffs (Dkt. #39). Having considered the motions and the relevant pleadings, the Court finds that both motions should be **DENIED**.

## LEGAL STANDARD

The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986). Summary judgment is proper under Rule 56(a) of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). A dispute about a material fact is genuine when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby Inc.*,

477 U.S. 242, 248 (1986). Substantive law identifies which facts are material. *Id.* The trial court "must resolve all reasonable doubts in favor of the party opposing the motion for summary judgment." *Casey Enters., Inc. v. Am. Hardware Mut. Ins. Co.*, 655 F.2d 598, 602 (5th Cir. 1981).

The party seeking summary judgment bears the initial burden of informing the court of its motion and identifying "depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials" that demonstrate the absence of a genuine issue of material fact. FED. R. CIV. P. 56(c)(1)(A); *Celotex*, 477 U.S. at 323. If the movant bears the burden of proof on a claim or defense for which it is moving for summary judgment, it must come forward with evidence that establishes "beyond peradventure *all* of the essential elements of the claim or defense." *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986). Where the nonmovant bears the burden of proof, the movant may discharge the burden by showing that there is an absence of evidence to support the nonmovant's case. *Celotex*, 477 U.S. at 325; *Byers v. Dall. Morning News, Inc.*, 209 F.3d 419, 424 (5th Cir. 2000). Once the movant has carried its burden, the nonmovant must "respond to the motion for summary judgment by setting forth particular facts indicating there is a genuine issue for trial." *Byers*, 209 F.3d at 424 (citing *Anderson*, 477 U.S. at 248–49). A nonmovant must present affirmative evidence to defeat a properly supported motion for summary judgment. *Anderson*, 477 U.S. at 257. Mere denials of material facts, unsworn allegations, or arguments and assertions in briefs or legal memoranda will not suffice to carry this burden. Rather, the Court requires "significant probative evidence" from the nonmovant to dismiss a request for summary judgment. *In re Mun. Bond Reporting Antitrust Litig.*, 672 F.2d 436, 440 (5th Cir. 1982) (quoting *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 114 (5th Cir. 1978)). The Court must consider all of the evidence but "refrain from making any credibility determinations or

weighing the evidence." *Turner v. Baylor Richardson Med. Ctr.*, 476 F.3d 337, 343 (5th Cir. 2007).

## ANALYSIS

Defendants moved for summary judgment on the ground that no genuine issue of material fact exists as to Plaintiffs' claims of sexual harassment and retaliation under Title VII. After a careful review of the record and the arguments presented, the Court is not convinced that Defendants have met their burden of demonstrating that there is no genuine issue of material fact as to Plaintiffs' Title VII claims entitling them to judgment as a matter of law. Accordingly, the Court finds that the motions for summary judgment should be denied.

## CONCLUSION

It is therefore **ORDERED** that Defendant CGPM Managers II, d/b/a Century Golf Partners Management/Arnold Palmer Golf Management's Motion for Summary Judgment and Brief in Support (Dkt. #36) and Defendant Stone Creek Country Club, Inc.'s Motion for Summary Judgment on All Claims by Plaintiffs (Dkt. #39) are hereby **DENIED**.

**IT IS SO ORDERED**.
**SIGNED** this 24th day of October, 2019.

_____
AMOS L. MAZZANT
UNITED STATES DISTRICT JUDGE